UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BORIS FUENTES, for himself and for others similarly situated<br>9101 25th Ave<br>Hyattsville, MD 20783<br><br>MIRIAN MEJIA, for herself and for others similarly situated<br>9101 25th Ave<br>Hyattsville, MD 20783<br><br>           Plaintiffs,<br><br>           v.<br><br>THE ENVIRONMENTAL GROUP, INC.<br>11850 Trolley Lane<br>Beltsville, MD 20705<br><br>GWENDOLYN H. FRANCO<br>The Environmental Group, Inc.<br>11850 Trolley Lane<br>Beltsville, MD 20705<br><br>JOSEPH M. HENNESSY JR.<br>The Environmental Group, Inc.<br>11850 Trolley Lane<br>Beltsville, MD 20705<br><br>MARK E. HEROLD<br>The Environmental Group, Inc.<br>11850 Trolley Lane<br>Beltsville, MD 20705<br><br>           Defendants. | Civil Action No. _____<br><br><br>COMPLAINT |

1. Plaintiffs bring this lawsuit for violations of the Fair Labor Standards Act (FLSA) on behalf of themselves and as a collective action pursuant to 29 USC § 216(b) on behalf of all other similarly situated employees and former employees of Defendants.

2. Defendant THE ENVIRONMENTAL GROUP, INC. ("TEG") is a Maryland corporation with its principal place of business in Beltsville in Prince George's County, Maryland and which does substantial business in the District of Columbia. TEG provides environmental remediation services, including the removal of asbestos.

3. Defendant GWENDOLYN H. FRANCO is the registered agent and a principal owner of TEG and she supervised work done by Plaintiffs. At all relevant times Franco acted directly or indirectly to advance the interests of TEG with respect to TEG's relations with Plaintiffs. Franco is the spouse of Defendant Hennessy.

4. Defendant JOSEPH M. HENNESSY JR. is a principal owner of TEG and supervised work done by Plaintiffs. At all relevant times Hennessy acted directly or indirectly to advance the interests of TEG with respect to TEG's relations with Plaintiffs. Hennessy is the spouse of Franco.

5. Defendant Mark E. Herold was Defendants' immediate supervisor at TEG. At all relevant times Hennessy acted directly or indirectly to advance the interests of TEG with respect to TEG's relations with Plaintiffs.

6. Plaintiffs BORIS FUENTES and MIRIAN MEJIA are residents of Maryland and are former employees of Defendant TEG. Fuentes was employed by TEG from approximately the first half of 2008 until the first half of 2013. Mejia was employed by TEG from approximately 2009 until the first half of 2013. Defendants were employed to provide environmental remediation, principally by performing manual labor, including the removal of asbestos. Fuentes also supervised others performing this work. Both Defendants were paid, or were supposed to be paid on a per hour basis. Fuentes and Mejilla are married to each other.

7. While Plaintiffs were employed by Defendants, Defendants regularly failed to pay Plaintiffs for many of the hours that they worked and maintained false records which greatly understated the number of hours Plaintiffs worked.

8. When Defendants did pay Plaintiffs for the hours they worked they regularly failed to pay them at a time and one half rate for hours worked in excess of 40 hours per week.

9. A substantial portion of the work for which Plaintiffs were not paid for at all, or for which Plaintiffs were not paid at a time and one half rate despite

working more than forty hours in a week, occurred in the District of Columbia, where TEG was frequently contracted to perform environmental remediation work at numerous locations.

10. During at least the entire time that Plaintiffs were employed by Defendants, other persons employed by Defendants to perform similar work, including in the District of Columbia, were regularly subject to the same treatment as Plaintiffs in that they were not paid for work they actually performed and were not paid at a time and a half rate despite having worked more than forty hours in a week.

11. Defendants' conduct violated the FLSA (and its implementing regulations) which required that Plaintiffs and those similarly situated be timely paid a specified minimum hourly wage for time actually worked and to be paid at a time and one half rate for work in excess of forty hours per week.

12. Plaintiffs propose to represent in this collective action all employees or former employees of Defendants who consent to be so represented who were not exempt from the wage and hours provisions of the FLSA, or who were not paid minimum wage or overtime, as required by the FLSA.

13. Defendants' conduct with respect to Plaintiffs and to others similarly situated was willful and intentional in that Defendants knew that what they were doing was improper and illegal. Defendants' affected employees were largely

immigrants with little money and limited English.  Consequently, Defendants apparently thought that such employees would be unlikely to report Defendants' misconduct to the authorities or seek relief from the courts, meaning that Defendants could violate the labor laws with impunity.

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the violation of a federal statute is alleged.

15. Venue is appropriate pursuant to 28 U.S.C. 1391(b)(2).

16. Plaintiffs demand a jury trial of all claims that may be tried to a jury.

17. Plaintiffs hereby consent to being a party plaintiff in this action.

Plaintiff demands relief as follows on behalf of himself and of others similarly situated:

   a. Damages of double the amount that the FLSA required be paid to Plaintiff and to others similarly situated, but which was not paid.

   b. A determination that this case may proceed as a collective action pursuant to 29 USC § 216(b).

   c. Plaintiff's reasonable costs and expenses of litigation, including attorneys' fees.

   d. Such other relief that the Court determines to be just and appropriate.

Dated:  August 15, 2013		Respectfully submitted,

             /s/Matthew B. Kaplan
            Matthew B. Kaplan
            D.C. Bar No. 484760
            The Kaplan Law Firm
            509 N. Jefferson St.
            Arlington, VA 22205
            Telephone:  (703) 665-9529
            Fax:  (888) 958-1366
            Email: mbkaplan@thekaplanlawfirm.com