IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BORIS FUENTES, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No.: 1:13-cv-01256-ESH |
| THE ENVIRONMENTAL GROUP, INC., et al. | * | |
| | * | |
| Defendants | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants, by and through their undersigned counsel, hereby answer Plaintiffs' Complaint as follows:

1. The allegations in Paragraph 1 are legal conclusions to which Defendants are not obligated to respond. However, to the extent that Defendants are obligated to respond, they lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

2. Defendants admit that The Environmental Group ("TEG") is a Maryland corporation with its principal place of business in Beltsville in Prince George's County, Maryland and that TEG provides environmental remediation services, such as the removal of asbestos. Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3. Defendants admit that Gwendolyn H. Franco is a principal owner of TEG, the registered agent of TEG, and that she is married to Joseph M. Hennessy, Jr. Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4.     Defendants admit that Joseph M. Hennessy, Jr. is a principal owner of TEG and that he is married to Gwendolyn H. Franco. Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5.     Defendants deny the allegations in Paragraph 5 of the Complaint.

6.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint that Plaintiffs are residents of Maryland and that they are married to each other. Defendants admit the allegations in Paragraph 6 of the Complaint that Plaintiffs are former employees of TEG, and admit that at times they were engaged in manual labor and the removal of asbestos, and further admit that Plaintiffs were paid on a per hour basis. Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7.     Defendants deny the allegations in Paragraph 7 of the Complaint.

8.     Defendants deny the allegations in Paragraph 8 of the Complaint.

9.     Defendants deny the allegations in Paragraph 9 of the Complaint, except admit that TEG engages from time to time in business in the District of Columbia.

10.    Defendants deny the allegations in Paragraph 10 of the Complaint.

11.    Defendants deny the allegations in Paragraph 11 of the Complaint.

12.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint.

13.    Defendants deny the allegations in Paragraph 13 of the Complaint.

14.    Paragraph 14 of the Complaint states a legal conclusion to which Defendants are not obligated to respond. However, to the extent that Defendants are obligated to respond, they deny the allegations in Paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint states a legal conclusion to which Defendants are not obligated to respond. However, to the extent that Defendants are obligated to respond, they deny the allegations in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint is a Jury Demand and does not require a response from Defendants.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

WHEREFORE, Defendants, respectfully request that the Court enter judgment in their favor, dismiss this action with prejudice, and award such other and further relief as is just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

18. The Complaint must be dismissed and/or this action must be transferred to another court because venue is improper.

### SECOND AFFIRMATIVE DEFENSE

19. Plaintiffs' claims are barred in whole or in part by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

20. Plaintiffs' claims fail as a matter of law in whole or in part because Defendants did not violate the Fair Labor Standards Act or its regulations.

### FOURTH AFFIRMATIVE DEFENSE

21. Plaintiffs' claims fail as a matter of law in whole or in part because Defendants acted at all times in good faith, and in conformity with and in reliance upon Section 10 of the Portal-to-Portal Act.

### FIFTH AFFIRMATIVE DEFENSE

22. Plaintiffs are not entitled to liquidated damages because, pursuant to Section 11 of the Portal-to-Portal Act, Defendants acted in good faith and with reasonable grounds to believe that they were not violating the Fair Labor Standards Act.

### SIXTH AFFIRMATIVE DEFENSE

23. Plaintiffs' claims fail as a matter of law in whole or in part because Plaintiffs failed to mitigate their damages.

### SEVENTH AFFIRMATIVE DEFENSE

24. Plaintiffs' claims are barred in whole or in part by the doctrine of avoidable consequences.

### EIGHTH AFFIRMATIVE DEFENSE

25. Plaintiffs' claims fail as a matter of law in whole or in part because, in the event that Defendants are determined to have violated the Fair Labor Standards Act, the violations were not willful.

### NINTH AFFIRMATIVE DEFENSE

26. Plaintiffs' claims are barred by the doctrines of estoppel and unclean hands.

### TENTH AFFIRMATIVE DEFENSE

27. The Complaint must be dismissed because it fails to state a claim against Defendants upon which relief can be granted in that the Complaint (1) does not sufficiently allege the existence of an employer-employee relationship; (2) does not sufficiently allege that TEG is an enterprise; and (3) contains only conclusory allegations of violations of the Fair Labor Standards Act.

Respectfully submitted,

/s/     Joseph B. Wolf
Malcolm S. Brisker (DC Federal Bar No. 472101)
msb@gdldlaw.com
Joseph B. Wolf (Federal Bar No. MD27882)
jbw@gdldlaw.com
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
Tel. (410) 783-4000
Fax (410) 783-4040
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of October, 2013 a copy of the foregoing Answer to Complaint was filed electronically and served on:

Matthew K. Handley
Washington Lawyers' Committee for
  Civil Rights and Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036

Matthew B. Kaplan
The Kaplan Law Firm
509 N. Jefferson Street
Alexandria, VA 22205
*Attorneys for Plaintiff*

/s/     Joseph B. Wolf
Joseph B. Wolf (Federal Bar No. MD27882)

4817-0843-3430, v. 1