UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BORIS FUENTES, *et al.*,
for himself and for others similarly
    situated,

        Plaintiffs,

        v.

THE ENVIRONMENTAL GROUP, INC.,
    *et al.*,

        Defendants.

Civil Action No. 8:13-3093-JFM

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION OF AN FLSA COLLECTIVE ACTION AND FOR IDENTIFICATION AND NOTIFICATION OF POTENTIAL CLASS MEMBERS**

Plaintiffs submit this Memorandum in support of their Motion for Conditional Certification of an FLSA Collective Action and for Identification and Notification of Potential Class Members.  Specifically, the named plaintiffs seek conditional certification of a Fair Labor Standards Act (FLSA) class of all persons who worked for Defendant The Environmental Group (TEG) removing asbestos or other hazardous materials in the three year period preceding the date the Court conditionally certifies the class.  If the Court grants conditional certification,

Plaintiffs request that it approve steps to facilitate the identification and notification of potential class members.

## I.  BACKGROUND

Plaintiffs are former employees of Defendants who were paid on an hourly basis to remove asbestos and other hazardous materials.  Their Complaint alleges that they routinely worked in excess of forty hours per week, but were not paid at a time-and-a-half rate for that work, as required by the FLSA.  Plaintiff Fuentes has provided a sworn Declaration indicating that it was Defendants' stated policy not to pay overtime and has also provided copies of his paystubs, which confirm that he frequently worked more than forty hours per week but was not paid for that time at a time-and-a-half rate.  *See* accompanying Decl. of Boris Fuentes, ¶¶ 8-10 & attachments (Feb. 25, 2014).  Plaintiffs, on behalf of themselves and the proposed class, seek recovery of unpaid overtime compensation and liquidated damages under the FLSA.

Common to the claims of the named Plaintiffs and the other class members is that Plaintiff and the class members worked for the same employer (TEG), performed similar duties (removal of asbestos or other hazardous materials), and often worked overtime hours that were not compensated at the required overtime rate.  Fuentes testifies that Defendants had as many as twenty employees removing hazardous materials at one time.  Fuentes Decl. ¶ 7.  Given normal employee

turnover during the potential three-year statute of limitations period, the number of class members may be substantially more than twenty.[1]

## II.   ARGUMENT

### A.   The FLSA Authorizes Similarly-Situated Employees to Litigate Collectively

The FLSA permits plaintiffs to bring collective actions on behalf of themselves and other similarly situated employees. *Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 673 (D. Md., 2011); *see also Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d 880, 886 (D. Md. 2011); *Myles v. Prosperity Mortg. Co.*, Civil No. CCB-11-1234, 2012 U.S. Dist. LEXIS 75371, at *13-14 (D. Md. May 31, 2012).

> The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract. Section 16(b) of the FLSA … gives employees the right to bring a private cause of action on their own behalf and on behalf of "other employees similarly situated" for specified violations of the FLSA. A suit brought on behalf of other employees is known as a "collective action."

*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1527 (2013).[2]

---

[1] The statute of limitations for FLSA claims is normally two years, but is extended to three years if the violation is "willful." 29 U.S.C. § 255(a). Plaintiffs contend that Defendants' illegal conduct was willful.

[2] Codified as 29 U.S.C. § 216(b), Section 16(b) of the FLSA provides that an "action … may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated.").

### B.      Collective Action Certification is a Two-Step Process

"[F]ederal district courts in the Fourth Circuit typically follow a two-step

approach when deciding whether the named plaintiffs are similarly situated to

potential plaintiffs for the purposes of certifying [an FLSA] collective action."

*Long v. CPI Security Sys.*, 292 F.R.D. 296, 298 (W.D.N.C. 2013) (citing *Butler*,

876 F. Supp. 2d 560, 566 (D. Md. 2012); *Romero v. Mountaire Farms, Inc.,* 796 F.

Supp. 2d 700, 705 (E.D.N.C. 2011) and *Choimbol v. Fairfield Resorts, Inc.*, 475 F.

Supp. 2d 557, 562-63 (E.D. Va. 2006)).

"At the first stage, the court makes a preliminary determination whether to

conditionally certify the class based upon the limited record before the court.

Consistent with the underlying purpose of the FLSA's collective action procedure,

***this initial inquiry proceeds under a fairly lenient standard and requires only***

***'minimal evidence.'***"  *Long,* 292 F.R.D. 296, 298 (quotations omitted, emphasis

added).  Indeed, "conditional certification … requires nothing more than

substantial allegations that the putative class members were together the victims of

a single decision, policy, or plan."  *Romero*, 796 F. Supp. 2d at 705 (quotation

omitted); *see also Butler*, 876 F. Supp. 2d at 566 ("relatively modest factual

showing" required); *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 193 (3d

Cir. 2011) (all that is needed is "some evidence, beyond pure speculation, of a

factual nexus between the manner in which the employer's alleged policy affected

4

[plaintiffs] and the manner in which it affected other employees.") (internal quotation marks omitted), *rev'd on other grounds sub nom. Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260-61 (11th Cir. 2008) ("standard for determining similarity, at this initial stage, [is] not particularly stringent, it is fairly lenient, flexible, [and] not heavy") (citations and quotations omitted).

If this lenient standard is met, conditional certification is granted and notice of the proposed collective action and the opportunity to opt into it is disseminated to potential class members.  In fact, "[t]he sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Genesis Health Care*, 133 S. Ct. at 1530 (citations omitted).[3]

---

[3] One court has explained that, in preliminarily certifying an FLSA collective action:

> I determine only that notice may be sent to those people who, at this very preliminary stage in the litigation, might be potential plaintiffs.  I am not determining that those being notified are, in fact, similarly situated to the Plaintiff…. [T]he Plaintiff's burden for proving that he is similarly situated to these potential plaintiffs is minimal for this preliminary determination—a determination that can be modified or reversed after discovery is complete.  Should it become clear later that the parties who have opted-in are not similarly situated to the Plaintiff here, I will make any rulings that are necessary and appropriate to ensure that the case is properly formed.

*Gjurovich v. Emmanuel's Marketplace, Inc.*, 282 F. Supp. 2d 101, 105 (S.D.N.Y. 2003) (citations and quotations omitted).

"The court proceeds to stage two if the defendant files a motion for decertification, usually after discovery is virtually complete." *Long*, 292 F.R.D. at 299.  At this stage

> courts apply a heightened fact specific standard to the "similarly situated" analysis.  Upon a determination that the plaintiffs established the burden of proving they are "similarly situated," the collective action proceeds to trial. ….[I]f the court determines that the plaintiffs are in fact, not "similarly situated," the class is decertified and the original plaintiffs may proceed on their individual claims.

*Id.*

Significantly, "[t]he requirements of Fed. R. Civ. P. 23 [governing class actions] do not apply to the approval of a collective action.  Accordingly, no showing of numerosity, typicality, commonality, and representativeness need be made." *Romero v. La Revise Assocs., L.L.C.*, No. 12 Civ. 8324, 2013 U.S. Dist. LEXIS 132112, *10 (S.D.N.Y. Sept. 16, 2013) (citations and quotations omitted); *see also Genesis Healthcare*, 133 S. Ct. at 1530 (discussing fundamental differences between Rule 23 class action and FLSA collective action).

Prompt notification of potential class members is critical in collective actions because, in contrast to a Rule 23 class action, the statute of limitations is not tolled for absent class members by the filing of a collective action complaint. *See* 29 C.F.R. § 790.21(b)(2) (in FLSA collective actions, unnamed plaintiffs are not deemed to have commenced the action until their written consent to become a

party is filed).  Consequently, with each passing week some class members may lose part or all of their entitlement to the compensation authorized by the FLSA because of the running of the statute of limitations.

### C.     The Court Should Grant Conditional Certification

The Court should now conditionally certify the proposed class, the first step in the collective action process.  Plaintiffs meet the undemanding standard for conditional certification.  Plaintiffs' Complaint (dkt. 1) alleges that "[d]uring at least the entire time that Plaintiffs were employed by Defendants, other persons employed by Defendants to perform similar work … were not paid at a time and a half rate despite having worked more than forty hours in a week."  *Id.* ¶ 10.  This language is sufficient to permit the Court to make the required determination that there are "substantial allegations" that the proposed class members "were together the victims of a single decision, policy, or plan" and that, consequently, a class should be certified.  *Romero*, 796 F. Supp. 2d at 705.  But, in addition to the facts alleged in the Complaint, Plaintiff Fuentes testifies in his sworn Declaration, based on personal knowledge, that two of the Defendants in this matter, Joseph M. Hennessey Jr. and Mark Herold, said that it was company policy not to pay overtime.  Fuentes Decl. ¶ 8.  Hennessey is a principal owner of TEG and both Hennessy and Herold are supervisors at the company.  *Id.*; Compl. ¶¶ 4-5. Moreover, Fuentes was issued numerous paystubs indicating that, in particular

7

weeks, he worked more than forty hours but was not paid for this time at an overtime rate. *See* Fuentes Decl. ¶ 10 and attachments. This documentary evidence provides additional support to Fuentes' testimony that TEG's failure to pay him overtime was a company policy, not an aberration.

### D.   The Court Should Approve Notification of Potential Class Members

In *Hoffmann-LaRoche v. Sperling,* 493 U.S. 165 (1989), the Supreme Court endorsed the practice of district courts approving and facilitating notice to potential class members in collective actions. The Court explained that collective actions

> depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate.   [FLSA] Section 216(b)'s affirmative permission for employees to proceed on behalf of those similarly situated must grant the court the requisite procedural authority to manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure.

*Id.* at 170.

Plaintiffs need contact information for potential class members to advise them of their right to join this lawsuit. Because that information is controlled by Defendants the Court should order Defendants to provide, within ten days, the names, addresses and phone numbers of all individuals who are or may be

8

members of the proposed class and who were employed by TEG at any time in the three-year period prior to the date of the Court's order.

A proposed written notice to be sent to potential class members is being filed in conjunction with this motion.  Because many class members may, like the named Plaintiffs, not speak fluent English, Plaintiffs asks that they be permitted to translate this document into Spanish and mail both the Spanish and English texts to potential class members.  Plaintiff proposes to send this notice to potential class members within seven days of the completion of the Spanish translation.

Of course, TEG may not have current addresses for many former employees (and perhaps for some current employees).  This is especially so because class members are manual laborers, and many are apparently immigrants with limited financial resources.  As described in the accompanying Declaration of Keira McNett, an attorney with expertise in litigation of employment law matters involving low-income individuals indicates, such individuals may be difficult to locate because they move frequently.[4]  McNett Decl. ¶ 7.  The most practical way to locate individuals who have moved is through their mobile phones, which common experience, supported by McNett's testimony, suggests often remain the

---

[4] McNett is the Senior Staff Attorney and Pro Bono Coordinator at the Employment Justice Center, a non-profit organization founded in 2000 with the mission to secure, protect and promote workplace justice in the District of Columbia metropolitan area by protecting and promoting the rights of low-income workers, and has extensive personal experience in working with low wage workers.  McNett Decl. ¶¶ 4-6.

same even when such individuals relocate.  *Id.* ¶¶ 7-9.  Consequently, Plaintiffs

request that their counsel be permitted to attempt to contact potential class

members who do not respond to an initial mailed notice to obtain an address where

the notice may be sent.  *See* Order, *Ayala v. Tito Contractors*, CA No. 13-1603 ¶ 4

(D.D.C. Feb. 6, 2014) (attached as Ex. A to accompanying Declaration of Matthew

B. Kaplan) (certifying FLSA class and ordering that "Defendants shall produce to

Plaintiffs' counsel the full name and last known address, phone number, and email

address of all potential class members").  Potential class members should be

permitted to join this lawsuit within sixty days of the date the notice is mailed.

Such a time period is appropriate because many class members may no longer

reside at the address listed in Defendants' records.

Defendants should also be required to prominently post the proposed notice

to the class in a place where it is likely to be seen regularly by current TEG

employees.  Such a procedure would impose no undue burden on Defendants—

posters providing notice to employees of their rights (for example, under the

FLSA), are a common feature of workplaces.  *See, e.g.,* 29 CFR 516.4 (posters

advising of FLSA rights must be posted "in conspicuous places in every

establishment where such employees are employed so as to permit them to observe

readily a copy.").

III.   **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully requests that their motion be granted and that the Court issue an order providing for the following:

A.   That a class of all employees who worked at TEG removing asbestos or other hazardous substances at any time in the three years preceding the Court's order is conditionally certified.

B.   That Defendants provide Plaintiffs with the names and last known addresses and phone numbers of all potential class members within ten days.

C.   That the proposed form of notice to the class is approved and may be translated into Spanish.

D.   That the notice shall be mailed to potential class members as soon as practicable, and, in any event, within seven days of its translation into Spanish (and a copy may also be posted on the internet) and that the date of such mailing shall be reported to Defendants.

E.   That Defendants shall post the approved notice in English and in Spanish in conspicuous places in every establishment where TEG employees are employed so as to permit them to observe readily a copy of the notice.

F.   That, to be valid, a form requesting to join this lawsuit must be received by Plaintiffs' counsel within sixty days of the date of the initial mailing of notices to the class; such forms will be promptly filed with the Court by Plaintiffs' counsel.

G.   That current Plaintiffs' counsel shall represent all persons who opt to join the proposed class except for any person who chooses to be represented by separate counsel.


Dated:  March 12, 2014                    Respectfully submitted,


                                          __/s/Matthew B. Kaplan_____
                                          Matthew B. Kaplan
                                          D. Md. No. 18724
                                          The Kaplan Law Firm
                                          509 N. Jefferson St.
                                          Arlington, VA 22205
                                          Telephone:  (703) 665-9529
                                          Fax:  (888) 958-1366
                                          Email: mbkaplan@thekaplanlawfirm.com
                                          *Counsel for Plaintiffs*

                                          Matthew Handley
                                          D. Md. Bar No. 18636
                                          The Washington Lawyers Committee for
                                             Civil Rights and Urban Affairs
                                          11 Dupont Circle, Suite 400
                                          Washington, DC 20036
                                          Phone: (202) 3190-1000
                                          Email: matthew_handley@washlaw.org
                                          *Counsel for Plaintiffs*

12

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date indicated below, the foregoing document (including any attachments) was filed via the Court's ECF system, which will transmit it to all Parties in this matter.

_/s/Matthew B. Kaplan_
Matthew B. Kaplan

Date:  March 12, 2014