IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| BORIS FUENTES, et al. | * | |
| Plaintiffs | * | |
| v. | * | Case No.: 8:13-cv-03093 JFM |
| THE ENVIRONMENTAL GROUP, INC., et al. | * | |
| | * | |
| Defendants | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR
MOTION TO MODIFY ORDER AND FOR PROTECTIVE ORDER**

**INTRODUCTION**

Plaintiffs' opposition fails to identify any legitimate, substantive basis for the Court to deny Defendants' motion, or any prejudice that Plaintiffs would suffer if the Court modified its May 8, 2014 Order to allow a third party administrator to handle the mailing of the class notice. Instead, Plaintiffs, through the use of improper declarations, focus on responding to documented allegations as to Mr. Fuentes's conduct and on leveling meritless attacks against Gwendolyn Franco and her declaration. Ultimately, the cases cited by Plaintiffs do not support their position and the "numerous" issues they raise regarding the use of a third party administrator could be easily addressed. Thus, Defendants' motion should be granted.

**ARGUMENT**

**I.    Plaintiffs Fail To Identify Any Compelling Reason For The Court Not to Grant Defendants' Motion**

What cannot be disputed, and what the cases cited by Defendants' in their motion stand for, is that appointment of a third party administrator is within the discretion of the Court.  The cases cited by Plaintiffs, which purport to show that their due process rights are more important than Defendants' concerns are inapposite. First, in none of the cases cited by Plaintiffs was there evidence that the members of the potential class were concerned for their safety nor was the possibility of the use of a third party administrator even raised by any party.  Second, in *Gjurovich v. Emmanuel's Marketplace, Inc.*, the defendant did not argue against disclosure, and the court did not even address due process concerns.  Its sole concern was whether the potential class members would receive actual notice, which they will here through a third party administrator if the Court grants Defendants' motion.  Third, in *Held v. Nat'l R.R. Passenger Corp.*, the court's concern was that the plaintiff "must know [the potential class members'] identity and have some means to communicate with them." 101 F.R.D. 420, * 425 (D.D.C. 1984).  Here, Defendants have disclosed the identity of the potential class members and have provided the telephone numbers in their possession. Thus, Plaintiffs have a means of contacting potential class members and, if the notice is mailed by a third party administrator, Plaintiffs will have a second method of contacting them.

Plaintiffs express concern regarding the "numerous issues [that] would remain undecided" if the Court was to grant Defendants' motion, and then proceed to identify only four easily resolved issues.  As a threshold matter, Plaintiffs could have raised these concerns when Defendants first proposed the use of a third party administrator informally and the parties could have attempted to work the issues out without the need for judicial intervention.  Instead,

Plaintiffs refused to even discuss the possibility of a third party administrator. More importantly, the parties could discuss each of the issues raised by Plaintiffs and come to an agreement with little or no Court involvement.

With regard to the specific issues raised by Plaintiffs, Defendants respond as follows:

- *Who should be appointed administrator?* The parties could identify an attorney in Baltimore or the D.C. suburbs with FLSA experience and arrange for that attorney and his staff to act as third party administrator.

- *How much should the administrator be paid?* This is not Plaintiffs concern as Defendants will be paying. In any event, the cost can be negotiated with whomever the parties identify to act as the administrator.

- *What should be done with returned mail?* Plaintiffs did not include any contingency in their motion for class certification to address returned mail other than to contact potential class members by phone so it is unclear what their concern is now. In any event, Plaintiffs have the phone numbers of the potential class members and can contact them by phone if the third party administrator informs them that a particular mailing was returned.

- *Should the accuracy of Defendants' addresses be checked against commercial databases or other tools?* This question is unclear. Assuming Plaintiffs are referring to whether the addresses provided by Defendants should be checked, the individual who is retained to act as third party administrator can take whatever permissible steps Plaintiffs intended to take to verify addresses.

Plaintiffs argue that a protective order limiting disclosure to Plaintiffs' counsel and preventing them from sharing the addresses with Plaintiff is sufficient to address TEG's employees' concerns. This is simply not the case. The fact remains that, although Plaintiffs and their counsel deny any involvement with the telephone calls that from a blocked number and that included threats, those calls have been made to people and numbers on a list that Mr. Fuentes does not deny he was issued by TEG. The only way to make sure that Plaintiffs do not obtain the addresses is to disclose them to a third party only.

In the event that Plaintiffs wish to contact TEG employees who choose not to opt in to the class for other reasons as part of the discovery process, they can do so initially by phone. If those individuals wish to provide their addresses to Plaintiffs' counsel they can.

Ultimately, the issues raised by Plaintiffs are not really issues at all and can be resolved with a modicum of cooperation between counsels for the parties. As Plaintiffs have failed to identify any legitimate prejudice that would result from use of a third party administrator, Defendants' motion should be granted.

**II.    The Court's Attention Should Not be Diverted From The Discrete Issue Raised In Defendants' Motion By Collateral Issues Regarding The Character and Credibility of The Parties**

Defendants' motion seeks a single, simple thing: A third party administrator to handle the mailing of class notices. Defendants explained why they were making this request by conveying the concerns that their employees were communicating to them. Yet, Plaintiffs spend much of their opposition ignoring the relief requested in the motion and instead trying to bolster the character of Plaintiffs and to accuse Defendants of nefarious conduct.

Defendants' sole motive for requesting the appointment of a third party administrator is concern for TEG's employees. This comes through clearly in Ms. Franco's declaration and is further supported by Defendants' willingness to pay any associated cost. Instead of raising real substantive concerns with Defendants' request, Plaintiffs resort to attacking the collateral aspects of the declaration. For example, Plaintiffs' create a straw man by surmising that the supervisor who had been threatened by Mr. Fuentes as referred to in Ms. Franco's declaration was Ms. Franco herself and then speculate as to her motive for not being forthcoming with the Court. *See* Pltfs.' Opp'n at 5, n.1. In fact, the incident Ms. Franco referred to was documented at the time it occurred and that documentation has been in Plaintiffs' possession since May 15, 2014, along

4

with documentation of other similar incidents. The Court can rest assured that Ms. Franco was not referring to herself in her declaration.[1]

Plaintiffs again attempt to attack Ms. Franco's credibility by arguing that her declaration contradicts Mr. Hennessy's prior declaration. As they did when replying to Defendants' opposition to the motion for conditional certification, Plaintiffs have failed to carefully read the declarations at issue. In his declaration, Mr. Hennessy stated that his employees told him that **Mr. Fuentes** "approached them aggressively" regarding the lawsuit. He did not say that he discussed the lawsuit with the employees. Neither he nor Ms. Franco did so until after the Court issued its May 8, 2014 Order and the employees began to receive phone calls.

In any event, there is no need for the Court to reach a definitive conclusion as to the credibility of the parties in order to decide this motion. Because Plaintiffs would not be prejudiced by the appointment of a third party administrator, even the mere possibility that Defendants' employees' concerns are well-founded dictates that the motion should be granted.

### III.   Plaintiffs' Declarations Should Not Be Considered By The Court

Plaintiffs improperly criticize the evidence proffered by Defendants (the Franco Declaration), by labeling it as a hearsay declaration in which she describes what she was told by individuals she does not identify. *See* Pltfs.' Opp'n at 4. This criticism is without merit and is rather hypocritical on the part of Plaintiffs.

Defendants' motion was not for summary judgment. Thus, the evidence proffered in support need not be admissible at trial. Furthermore, Ms. Franco explained the reason for not including the names of the individuals who had expressed concerns about their addresses being

---

[1] Furthermore, Plaintiffs have both been to Ms. Franco's house to conduct remediation work. Thus, they already know where she lives. Of course, as a defendant in this case she obviously is not a member of the potential class.

disclosed and indicated that those individuals were willing to disclose their identity and reasons for concern to the Court if required.

The evidence offered by Plaintiffs, on the other hand, is improper, and Plaintiffs' counsel's failure to provide a key detail in his Declaration is unexplained.  In opposing the motion, Plaintiffs rely on the self-serving declarations of Boris Fuentes and Mirian Mejia.  Those declarations are not signed by the declarants.  Rather, they are signed by someone whose name is illegible allegedly "with permission" of Mr. Fuentes and Ms. Mejia.  Such declarations are improper and should not be considered by the Court. *See*, *e.g.*, *Underwood v. Mackay*, 2013 WL 3270564, *6 (D. Nev. 2013) (denying plaintiffs' motion to supplement their opposition to motion to dismiss because declaration did not comport with 28 U.S.C. §1746 because it was not signed by declarant but by plaintiffs' counsel "with permission").

Like Ms. Franco's declaration, Mr. Kaplan's declaration also includes hearsay as he recounts a conversation with an anonymous potential class member and relies on his statements to support his allegation that Defendants have not provided accurate telephone numbers. Unlike Ms. Franco, however, Mr. Kaplan does not explain why he has not identified the individual with whom he spoke.  This omission is particularly perplexing as, by failing to identify the individual, he prevents Defendants from investigating the source of the telephone number they provided and explaining why it was provided.

## **CONCLUSION**

For the reasons set forth herein and in Defendants' Motion to Modify or for Protective Order, the Court should grant defendants' motion in its entirety.

Respectfully Submitted,

            /s/ Joseph B. Wolf
Malcolm S. Brisker (Federal Bar No. 26048)
msb@gdldlaw.com
Joseph B. Wolf (Federal Bar No. 27882)
jbw@gdldlaw.com
Goodell, DeVries, Leech & Dann LLP
One South Street, 20th Floor
Baltimore, Maryland  21202
Tel. (410) 783-4000
Fax (410) 783-4040
***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the May 28th 2014, the foregoing was filed electronically and served on:

>Matthew K. Handley, Esq.
>Dennis Corkery, Esq.
>Washington Lawyers' Committee for
> Civil Rights and Urban Affairs
>11 Dupont Circle, N.W., Suite 400
>Washington, D.C.  20036
>
>Matthew B. Kaplan, Esq.
>The Kaplan Law Firm
>509 N. Jefferson Street
>Alexandria, VA  22205
>*Attorneys for Plaintiff*

>                    /s/  Joseph B. Wolf
>                    Joseph B. Wolf

4822-7864-4235, v.  1